UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER O. MEGWA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:05-0336** |
| v. | : | **(MUNLEY, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ATTORNEY GENERAL, STATE OF NEW YORK,** | : | |
| | : | |
| **Respondents** | : | |
| | : | |

## REPORT AND RECOMMENDATION

By way of relevant background, while in the custody of the New York State Department of Correctional Services and confined at the Wyoming County Correctional Facility, Attica, New York, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1]. In that petition, the petitioner challenged his state court conviction upon a plea of guilty to criminal sale of a controlled substance, third degree. Specifically, the petitioner stated the following grounds for his petition:

> I was unlawfully induced, or involuntarily compelled to
> a guilty plea. My attorney (Public Defender), Mr.
> William Brown, compelled me to a guilty plea on Nov.

---

[1]The petition was originally filed in the United States District Court for the Western District of New York, ("Western District of New York"), but because the conviction under attack occurred in Broome County, which is located within the jurisdiction of the United States District Court for the Northern District of New York, ("Northern District of New York"), the case was transferred to that District.

> 21, 2002, promising that the sentence was 4-6 months Substance Abuse Treatment program. This sentence was on file while I was still in custody. Simultaneously I was re-sentenced for the same crime two months later – Jan. 19, 2003. At this point, I could not withdraw my plea that was on file. A "Double Jeopardy" sentence reflected at this point. This improper/unlawful conviction deprived and denied me job advancement/progression opportunities, hence, financial relief settlement.

In addition, for the first time in any proceedings, the petitioner raised a claim of ineffective assistance of counsel.  (See Attached Memorandum-Decision and Order dated March 31, 2005).

After the above petition was filed, but still pending in the Northern District of New York, the petitioner was transferred to the Pike County Jail, Hawley, Pennsylvania, and ultimately, to the York County Prison, York, Pennsylvania, where he is currently confined.

On February 17, 2005, the petitioner filed with this court a document titled "Motion for Stay of Removal Pending Determination of Federal Habeas Corpus Petition Filed Under 28 U.S.C. § 2254." (Doc. No. 1).  This document was designated by the Clerk's Office as a new habeas corpus petition filed pursuant to 28 U.S.C. §2241.  Upon review, it appeared to the undersigned that the petitioner's filing was not a separate habeas corpus petition, but a motion related to the petition which was pending in the Northern District of New York.  Therefore, by report dated March 17, 2005, it was recommended that the petitioner's motion for stay of removal be transferred to the Northern

District of New York for that court's consideration in relation to the matter which was then pending in that court. (Doc. No. 5).

By order dated April 6, 2005, the court declined to adopt the report of the undersigned stating:

> After careful review, we find that the Magistrate's (sic) order would cause the Petitioner to suffer a manifest injustice. Plaintiff's currently pending habeas petition in the Northern District of New York challenges his state court conviction pursuant to 28 U.S.C. § 2254. Since the institution of that habeas petition, Plaintiff alleges that Respondents have instituted removal proceedings, and he requests that we stay those proceedings, thus allowing him to challenge the removal proceedings under 28 U.S.C. § 2241. As Plaintiff is proceeding *pro se*, we must evaluate his pleadings with less scrutiny that (sic) we would if he filed with the assistance of counsel. Haines v. Kerner, 404 U.S. 520, 520-21 (1972)(announcing a more lenient standard for pro se motions). Without further information or knowledge of the grounds that Petitioner seeks to assert to challenge his removal proceedings, we are not currently in a position to categorically dismiss his petition and transfer it to another district where a potentially unrelated case is proceeding. Therefore, we will grant the stay, order Plaintiff to file a petition for a writ of habeas corpus and brief in support thereof with Magistrate (sic) Mannion, and remand this matter to Magistrate (sic) Mannion for further considerations of this matter.

(Doc. No. 6).

In the meantime, on March 31, 2005, the Northern District of New York dismissed the petitioner's § 2254 petition against the New York Attorney General finding that the petitioner had procedurally defaulted on his claims without showing cause and prejudice or a fundamental miscarriage of justice.

3

To the extent that the Bureau of Immigration and Customs Enforcement, ("BICE"), was included as a respondent, the court noted that the petitioner's claim against BICE would properly be viewed as a habeas claim brought pursuant to 28 U.S.C. § 2241, which cannot be used to challenge the underlying state conviction upon which the petitioner's removal order was based.  As such, the court found that it lacked jurisdiction to address the claim.  Moreover, the court found that the petitioner waived his right to administrative appeal of the Immigration Judge's bond decision, thereby, failing to exhaust his administrative remedies for jurisdictional purposes. (See Attached Memorandum-Decision and Order dated March 31, 2005).

On April 11, 2005, the petitioner filed a document in this court titled "Petition for a Writ of Habeas Corpus Pursuant to Section 2241," dated April 1, 2005, in which he again sought a stay of deportation pending determination of his habeas petition in the Northern District of New York[2]. (Doc. No. 8).

File stamped the same day is a document titled by the petitioner as a "Civil Action Pursuant to 28 U.S.C. Sections 2254 & 2241." (Doc. No. 10). In this document, the petitioner again seeks a stay of deportation and indicates that his petition in the Northern District of New York was "unsuccessful." The petitioner then indicates that "[t]he United States District Court for the Northern [D]istrict of New York erred in denying relief sought in that

---

[2]This apparently crossed in the mail with the Northern District of New York's order dismissing his habeas petition in that court.

4

proceeding. Petitioner proceeds and brings this action to the attention of this honorable court **as a second petition to**[3] District Court's decision or ruling." (Emphasis added). The petitioner goes on to re-argue those claims raised in his petition filed in the Northern District of New York. Namely, the petitioner raises claims of a defective plea agreement, double jeopardy, and ineffective assistance of counsel.

Based upon this court's review of the petitioner's filings, it is clear that the petitioner is not raising claims challenging his removal proceedings as would be proper in a § 2241 action[4], but is instead attempting to appeal the decision by the court in the Northern District of New York dismissing his habeas petition. To this extent, the petitioner's action lies not with this court, but with the United States Court of Appeals for the Second Circuit.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

**(1)** the petitioner be permitted to proceed in forma pauperis, (Doc. Nos. 4 & 9)[5],

---

[3]The court notes that the petitioner has crossed out the words "as an appeal to the" and substituted "as a second petition to."

[4]Even to the extent that the petition could somehow be construed as challenging the underlying removal proceedings, based upon the order issued by the Northern District of New York, it would appear that the petitioner has failed to exhaust his administrative remedies with respect to any such claim.

[5]Petitioner has filed two applications to proceed in forma pauperis, neither of which have previously been ruled upon by the court.

5

**(2)** the stay of removal previously entered by the court on April 6, 2005, (Doc. No. 6), be lifted; and

**(3)** the petition for writ of habeas corpus, **(Doc. Nos. 8 & 10)**, be **DISMISSED**.

                                            <u>**s/ Malachy E. Mannion**</u>
                                            **MALACHY E. MANNION**
                                            **United States Magistrate Judge**

**Date:**  April 19, 2005

O:\shared\REPORTS\2005 Reports\05-0336.1