# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER O. MEGWA,** | : | No. 3:05cv336 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **BUREAU OF IMMIGRATION &** | : | |
| **CUSTOMS ENFORCEMENT;** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF NEW YORK,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Magistrate Judge Malachy E. Mannion's report and recommendation, which proposes we dismiss the Petitioner Christopher O. Megwa's ("Megwa") petition for a writ of habeas corpus. Megwa has filed objections, making this matter ripe for disposition. For the following reasons, we will overrule Megwa's objections and adopt the report and recommendation.

**Background**

Megwa is currently in the custody of the Bureau of Immigration and Customs Enforcement ("BICE") in York County Prison, York, Pennsylvania, pending removal. In the instant petition, Megwa challenges a New York state conviction that is the basis for his removal. Prior to filing this petition, Megwa filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of New York ("Northern District of New York"). Therein, he challenged his state conviction on the grounds that: 1) he was compelled to plead guilty; 2) his conviction violated the Double Jeopardy Clause of the Fifth

Amendment of the United States Constitution; and 3) he received ineffective assistance of counsel. The Northern District of New York dismissed his petition because he failed to exhaust his available administrative remedies.

While the petition was pending before the Northern District of New York, Megwa filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254, challenging the same New York conviction on the same grounds as his prior petition. The report and recommendation proposes that we dismiss Megwa's petition because it is an attempt to appeal the decision by the Northern District of New York, and the appeal is not properly before this Court. For the following reasons, we will adopt the report and recommendation.

**Standard**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. Id.

**Discussion**

Megwa objects to the report and recommendation and argues that we should address the merits of his claim because we have jurisdiction and venue is proper. Furthermore, he argues

that the historic function of the writ of habeas corpus is to provide relief to individuals held without lawful authority, and we should address his claims accordingly.

Pursuant to Rule 9 of the Rules Governing § 2254 Cases (as made applicable to § 2241 cases by Rule 1), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

An alien may not employ 28 U.S.C. § 2241 to challenge the constitutionality of a state sentence that serves as the basis for removal proceedings. Drakes v. INS, 330 F.3d 600 (2003). Instead, he must challenge the conviction by direct review, state collateral review, and a habeas petition pursuant to 28 U.S.C. § 2254. Id. at 606. Here, Megwa seeks to circumvent these steps and challenge his state conviction under 28 U.S.C. § 2241. Drakes has clearly foreclosed 28 U.S.C. § 2241 as a potential avenue for the relief Megwa seeks.

Megwa has also characterized his present petition as a petition pursuant to 28 U.S.C. § 2254. However, as he has already presented these same claims to the Northern District of New York, we will dismiss his 2254 claims because "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244. We find that it plainly appears from the petition that Megwa is not entitled to relief. Accordingly, we will adopt the report and recommendation and dismiss his complaint. An appropriate order follows.

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER O. MEGWA,** | : | No. 3:05cv336 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **BUREAU OF IMMIGRATION &** | : | |
| **CUSTOMS ENFORCEMENT;** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF NEW YORK,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 10th day of May 2005, it is hereby **ORDERED** that:

1) The Report and Recommendation (Doc. 13) is **ADOPTED**;

2) Petitioner Christopher O. Megwa's objections (Doc. 15) are **OVERRULED**;

3) Our stay of removal proceedings (Doc. 6) is **LIFTED**;

4) The petitions for writ of habeas corpus (Doc. 1,8,10) are **DISMISSED**;

5) The applications to proceed *in forma pauperis* (Doc. 4,9) are **DENIED**;

6) For the reasons set forth in the accompanying memorandum, we conclude that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, there is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c);

6) The Clerk of Courts is directed to close the instant case.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**